E. BURLESON, ADMINISTRATOR, v. CLEVELAND, BRO. & Co.

1—A payment of Confederate money in satisfaction of an open account, made to and accepted without objection by an agent and attorney of the creditor, is *held* a good payment in this case, although there is no evidence in the record of any special authority conferred on the agent to receive such currency.

APPEAL from Hays. Tried below before the Hon. J. J. Thornton.

This suit was instituted by the appellees in August, 1868, on an open account for $186 $\frac{80}{100}$, contracted in 1858, 1859 and 1860, and alleged to be due from the appellant in his capacity as administrator of C. Thompson, deceased. The defense relied on was the statute of limitations. There appears in the record no evidence of any authority from the plaintiffs to their attorney or agent to receive Confederate money, nor any ratification by them of its acceptance. The opinion shows the other facts, as far as necessary.

*Thomas E. Sneed*, for the appellant.

*W. M. Walton*, for the appellees.

MORRILL, C. J.—We do not conceive it necessary to decide all the points raised by the pleadings in this case. It was a suit upon an account. The cause was submitted to the court, and jury waived. The plaintiff introduced but one witness to prove the facts in his case, who, on cross-examination, stated that he, as "agent of the defendant, paid off the account of plaintiff, set out in their petition, to said Holloman, the agent and attorney of plaintiff, in Confederate money."

There is nothing going to show that the plaintiff made any objection to the currency received. The case of Ritchie v.

Sweet, just decided, is decisive of this case. As a jury has been waived, judgment is reversed and reformed by permitting the defendant to go hence, etc., and receive costs in both courts.

Reversed and reformed.